| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| EDDIE OLMOS, | § |
| | § |
| Movant, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:13-CV-105 |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

### MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Eddie Olmos, a federal prisoner, proceeding *pro se,* filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends dismissing the motion.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit. Movant contends that he pled guilty based on counsel's assurance that his base offense level would be 32, rather than 34. The record shows otherwise. In the factual basis and stipulation, signed by movant, he stipulated to having knowledge of more than

3,000 kilograms, but less than 10,000 kilograms, of marijuana. In paragraph five of the plea agreement, the parties stipulated that the base offense level for that quantity of marijuana was 34. At the plea hearing, movant stated that he had read the entire plea agreement and understood it, and that he agreed with the terms of the plea agreement. Movant stated that he understood the guideline stipulations in paragraph five. Movant also stated that he understood the facts set forth in the factual basis and stipulation, and that those facts were true. Movant's declarations, made under oath in open court, carry a strong presumption of truth, forming a formidable barrier to relief in a collateral proceeding. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). The unsworn statements in movant's objections are insufficient to demonstrate that his guilty plea was involuntary.

Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the movant must show

that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of a certification of appealability. Accordingly, a certificate of appealability will not be issued.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A certificate of appealability will not be issued. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 12th day of April, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE